Exhibit 1

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>501 North Elizabeth Street<br>Pueblo, Colorado 81003 | DATE FILED<br>August 29, 2025 10:51 AM<br>FILING ID: E21FFD357A804<br>CASE NUMBER: 2025CV30563 |
| **Plaintiff**: TREVOR BRIDGE<br><br>v.<br><br>**Defendant:** HOME DEPOT USA, INC. | ▲ **COURT USE ONLY** ▲ |
| *Attorney for Plaintiff:*<br>Sophia Ortiz, #59573<br>**RAMOS LAW, LLP**<br>10190 Bannock St., Ste. 200<br>Northglenn, CO 80260<br>Phone: 720.536.4370<br>Fax: 303.856.5666<br>E-mail: sortiz@ramoslaw.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Trevor Bridge ("Plaintiff" or "Mr. Bridge"), by and through his attorneys, RAMOS LAW, LLP, hereby submits the following Complaint for Damages and Jury Demand against Defendants, Home Depot USA, Inc. ("Defendant Home Depot"), stating and alleging as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. At all relevant times, Plaintiff was a resident of the State of Colorado.

2. Defendant Home Depot is, and was at all relevant times, a Delaware corporation conducting business in the State of Colorado.

3. Defendant Home Depot maintains its principal office street address at 2455 Paces Ferry Road, Atlanta, Georgia, 30339.

4. Defendant Home Depot's registered agent for service of process is Corporation Service Company located at 1900 West Littleton Boulevard, Littleton, Colorado 80120.

5. This Court has personal and subject matter jurisdiction over this action pursuant to C.R.S. § 13-1-124(1)(a), (b), and (c).

6. Venue is appropriate before this Court pursuant to Rule 98(c)(1) of the Colorado Rules of Civil Procedure because Defendant Home Depot is a nonresident of this state and Pueblo County is the county designated in this Complaint.

## II. GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference each and every paragraph of his Complaint as if fully set forth herein.

8. Defendant Home Depot possesses and maintains a home improvement retail store located at 5660 East Woodmen Road, Colorado Springs, CO 80920 ("The Premises").

9. On September 5, 2023, Mr. Bridge went to the Premises to shop.

10. At all relevant times, Mr. Bridge was lawfully on the Premises.

11. During that visit, Mr. Bridge purchased merchandise and loaded it into a grocery cart to transport out to his vehicle parked on the Premises.

12. Mr. Bridge loaded the merchandise into his vehicle and returned the grocery cart to a space occupied by other empty carts.

13. Unbeknownst to Mr. Bridge, Defendant Home Depot used pavement-level wooden posts inconspicuously painted like any other parking space as a cart corral.

14. At all relevant times, the use of these wooden posts instead of a proper cart corral constituted a hazardous and/or dangerous condition or circumstance.

15. Mr. Bridge tripped on the pavement-level post, stumbled forward, and collided forcefully with the exterior of his vehicle.

16. As a direct and proximate result of the September 5, 2023, trip and fall, Mr. Bridge suffered significant bodily injury to his head, neck, and elbow.

17. As a direct and proximate result of Defendant Home Depot's unreasonable failure to exercise reasonable care against dangers of which it knew or should have known, Plaintiff Trevor Bridge has suffered physical injuries, damages, and losses including, but not limited to, economic damages for past and future medical expenses, wage loss, non-economic damages for emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life, and damages for physical impairment and disfigurement.

## III. CLAIM FOR RELIEF – PREMISES LIABILITY

18. Plaintiff incorporates each and every paragraph of his Complaint as if fully set forth herein.

19. Defendant Home Depot is, and was at all relevant times, a "landowner" of the Premises as defined by C.R.S. § 13-21-115.

20. At all relevant times, Mr. Bridge was an "invitee" as defined by C.R.S. § 13-21-115 because he had a mutually beneficial business relationship with Defendant Home Depot.

21. At all relevant times, Defendant Home Depot owed a non-delegable duty to Mr. Bridge to exercise reasonable care to protect against dangers it actually knew or should have known about.

22. At all relevant times, Defendant Home Depot, through its employees and/or agents, owed a non-delegable duty to Mr. Bridge to exercise reasonable care to protect against harm resulting from dangerous or hazardous conditions that it created on the Premises.

At all relevant times, Defendant Home Depot, through its employees and/or agents, owed a non-delegable duty to Mr. Bridge to warn him about dangerous conditions or circumstances on the Premises that it knew or should have known about, including the presence of inconspicuous trip hazards at pavement level.

23. At all relevant times, the placement of wooden posts in place of a proper cart corral constituted a dangerous condition or circumstance.

24. At all relevant times, Defendant Home Depot, through its employees and/or agents, failed to exercise reasonable care with respect to the dangers that it created and knew or should have known about, including the hazardously designed cart corral.

25. As a direct and proximate result of Defendant Home Depot's unreasonable failure to exercise reasonable care with respect to dangers it created and knew about, Mr. Bridge has suffered injuries, damages, and losses more fully described elsewhere herein.

## IV. REQUEST FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all claims set forth herein.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant in an amount to be determined at trial for all damages he has sustained to the full extent allowed by law, including without limitation economic, noneconomic, and physical impairment and disfigurement damages as provided for under Colorado Law as well as interest, costs, and such other relief as the Court deems just and appropriate.

Respectfully submitted this 29th day of August 2025.

RAMOS LAW

*<u>/s/ Sophia Ortiz</u>*
Sophia Ortiz, #59573
*Attorneys for Plaintiff*
*This pleading was filed electronically pursuant to Rule 121 § 1-26; Original signed pleading is on file in counsel's office.*

<u>Plaintiff's Address:</u>
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, Colorado 80920